IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| JOHN ZEIGLER, | ) |
| | ) |
| | )   2:24-CV-01573-MJH |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| GEORGE BARTHA, VICKI HATTON BOZIC, TODD KOSENINA, DEBBIE MIRICH, STEVEN R. PONS, STEVE PSOMAS, TRACY PUSTOVER, | ) ) |
| | |
| Defendants, | |

OPINION AND ORDER

Plaintiff, John Zeigler, *pro se*, commenced this proceeding by filing a Motion to Proceed In Forma Pauperis (ECF No. 1) and attaching a Complaint (ECF No. 1-1), against Defendants, pursuant 42 U.S.C. § 1983 for alleged violations of his constitutional rights while attending Defendants' school board meeting. *Id*. Mr. Ziegler has also filed an "Emergency Motion for Protective Order *to Ensure First Amendment Rights*." (ECF No. 5).

Upon review, the Court finds that Mr. Ziegler has sufficient financial resources through monthly wages and VA housing and disability payments to pay the filing fee. Accordingly, Mr. Ziegler's Motion to Proceed In Forma Pauperis is denied.

Notwithstanding that Mr. Ziegler's case cannot proceed without the filing fee, the Court has given due consideration of his emergency motion in light of his desire to attend a school board meeting on December 4, 2024. After consideration of the pleadings and supplemental documents, the Court does not find that Mr. Ziegler meets the requirements for injunctive relief.

Preliminary injunctive relief is extraordinary in nature and should issue only in limited circumstances. *See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421,

1426–27 (3d Cir. 1994). Moreover, issuance of such relief is at the discretion of the trial judge. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chamberlain*, 145 F. Supp. 2d 621, 625 (M.D. Pa. 2001). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: "(1) likelihood of success on the merits; (2) irreparable harm resulting from a denial of the relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest." *United States v. Bell*, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003); *see also Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."). It is the moving party who bears the burden of satisfying these factors. *Bell*, 238 F. Supp. 2d at 699. "Only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief should the injunction issue." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F. 2d 187, 192 (3d Cir. 1990) (emphasis added).

At this stage, Mr. Zeigler has not sufficiently alleged or produced evidence to this Court's satisfaction that the elements for injunctive relief are met. In particular, the Court is not convinced that Mr. Zeigler would succeed on the merits. "As a limited public forum, a school board meeting 'is not open for endless public commentary speech but instead is simply a limited platform to discuss the topic at hand.'" *Miller v. Goggin*, 672 F. Supp.3d 14, 40 (E.D. Pa. 2023) (quoting *Danielson v. Chester Twp.*, No. CIV.A. 13-5427 JLL, 2014 WL 3362435, at *4 (D.N.J. July 9, 2014) (quoting *Rowe v. City of Cocoa, Fla.*, 358 F.3d 800, 803 (11th Cir. 2004))). Thus, " 'content-based restraints are permitted, so long as they are designed to confine the forum to the limited and legitimate purposes for which it was created.' " *Galena v. Leone*, 638 F.3d 186, 199 (3d Cir. 2011) (quoting *Eichenlaub v. Township of Indiana*, 385 F.3d 274, 280 (3d Cir. 2004)).

In addition to relevancy-based restrictions, in a limited public forum, the government may also "restrict the time, place and manner of speech, as long as those restrictions are reasonable and serve the purpose for which the government created the limited public forum." *Id.* (citing *Pleasant Grove v. Summum*, 555 U.S. 460, 129 S.Ct. 1125, 1132, 172 L.Ed.2d 853 (2009)). "A time, place, and manner restriction on speech is reasonable if it is (1) content-neutral, (2) narrowly tailored to serve an important governmental interest, and (3) leaves open ample alternatives for communication of information." *Id.* And even if a time, place, and manner restriction is reasonable, "there is a First Amendment violation if the defendant applied the restriction because of the speaker's viewpoint." *Id.*

In short, "[t]he right of free speech does not encompass the right to cause disruption." *Startzell v. City of Phila.*, 533 F.3d 183, 198 (3d Cir. 2008). See *Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist.*, 877 F.3d 136, 143 (3d Cir. 2017) (permanent ban of disruptive speaker from school board meetings did not violate speaker's constitutional rights); *Galena*, 638 F.3d at 213 (ejection of a disruptive participant from a municipal meeting did not violate the plaintiff's constitutional rights); *Eichenlaub*, 385 F.3d at 281 (removal of a speaker from a township meeting to prevent "badgering, constant interruptions, and disregard for the rules of decorum" was constitutionally permissible).

Here, Mr. Zeigler presents concerns about how the West Allegheny School District is spending money. A School Board meeting, as a limited public forum, can provide some speech restrictions that limit when and a how a citizen engages with it. In some instances, a Right-to-Know Law request may be a better redress for Mr. Zeigler's concerns. As currently presented to the Court, Mr. Zeigler has not presented a constitutional violation by the Defendants.

Accordingly, his Emergency Motion is denied.

IT IS HEREBY ORDERED matter is DISMISSED and that the Clerk of Court mark this CASE CLOSED.  IT IS FURTHER ORDERED that the Plaintiff may reopen this case by satisfying the appropriate filing fee.

DATED this 4th day of December, 2024.

BY THE COURT:

MARILYN J. HORAN
United States District Judge